IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 4 2006

LUTHER D. THOMAS, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| GERALD C. BUSHROE | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| | ) Civil Action |
| | ) No.: 1 06 CV 0687 |
| FORD MOTOR COMPANY, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, GERALD C. BUSHROE ("Plaintiff") who files this Complaint against Defendant Ford Motor Company, Inc. (hereinafter "FMC") as follows:

### PARTIES

1. Plaintiff Gerald C. Bushroe is over the age of nineteen (19) years and a resident citizen of the State of Georgia residing within the Northern District of Georgia.

2. Defendant, FMC is a Michigan Corporation licensed to manufacture and sell automobiles in the State of Georgia and a registered foreign corporation in the State of Georgia. FMC's registered agent, Corporation Process Company, resides within the Northern District of Georgia.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331 in that Plaintiff is suing FMC to enforce rights under the Family and Medical Leave Act (hereinafter "FMLA"), which was established for the purpose of providing leave time for certain occurrences, which include a worker's serious health condition that makes him or her unable to perform the job. Plaintiff's claims against FMC are governed by the Family and Medical Leave Act of 1993, 29 USC §§ 2601-2654, et. seq.

4. Venue is proper in this Court because Defendant FMC's registered agent is located in Cobb County, Georgia, and resides within the Northern District of Georgia.

## FACTS APPLICABLE TO ALL ACCOUNTS

5. On February 17, 2005, Plaintiff's physician reported that the Plaintiff had been ill since February 15, 2005 and could not report back to work until February 22, 2005. A copy of the February 17, 2005 physician's report is attached as Exhibit "A" and is incorporated by reference.

6. On February 21, 2005, the Plaintiff received a letter from Mr. Ted Williams, Labor Relations Representative from the Ford Motor Company which stated that the Plaintiff had missed five (5) or more days since

Plaintiff last reported to work, and if he did not give a satisfactory reason for his absence Plaintiff would be terminated. A copy of Mr. Ted Williams letter is attached as Exhibit "B" and is incorporated by reference.

7. On February 23, 2005, the Plaintiff saw the physician again and the physician reported that Plaintiff could not return to work until February 28, 2005, due to pain in the back from a steel rod. A copy of the physician's report is attached as Exhibit "C" and is incorporated by reference.

8. On March 3, 2005, the Plaintiff received a Family and Medical Leave Certification form from FMC, which was initialed by an agent at FMC which indicated that the Plaintiff was eligible for Family and Medical Leave.

9. On March 9, 2005, Dr. Shevin D. Pollydore, completed the company's Family and Medical Leave Certification form. The Certification form stated that the Plaintiff "qualified for Leave under the Act due to incapacity of more than three consecutive calendar days based on the Plaintiff's low back pain." A copy of the signed FMC's Certification form, signed by Dr. Shevin D. Pollydore is attached as Exhibit "D" and is incorporated by reference.

10. The report also indicated that the Plaintiff was not eligible to work from February 15, 2005, until the present (March 9, 2005), and would not be able to go back to work until April 9, 2005.

11. On March 9, 2005, Plaintiff went to the Labor Relations Representative's office to hand deliver the Family and Medical Leave Act Certification form, and it was at that time that FMC told Plaintiff that he was terminated.

12. According to State of Georgia Department of Labor Separation Notice, dated March 8, 2005, FMC stated that the reason for separation was for "10 day quit excessive absenteeism". A copy of the Separation Notice is attached as Exhibit "E" and is incorporated herein by reference.

## COUNT ONE
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993, 29 USC §§ 2601-2654

13. Plaintiff adopts and realleges the factual allegations in paragraphs 1 through 12 as if fully stated herein.

14. On March 3, 2005, Plaintiff received a Family and Medical Leave Certification form from FMC, in which an agent from FMC initialed that Plaintiff was eligible for Family and Medical Leave.

15. On March 9, 2005, Plaintiff went to his healthcare provider's physician, Shevin Pollydore, M.D. and the physician signed FMC's Family and Medical Leave Certification, qualifying him as having a serious injury that would permit him to take leave under the Act.

16. On March 9, 2005, Plaintiff went to the Labor Relations Representative's office to hand deliver the signed FMC's Family and Medical Leave Certification form, and it was at that time that FMC told Plaintiff that he was terminated.

17. Plaintiff qualifies under 29 USC § 2611(2)(A)(i) as an "eligible employee" since he has been employed with the company for more than twelve months. The Defendant qualifies as an employer under 29 USC 2611(3) since they have more than fifty (50) employees at the Defendant's worksite, and sell automotive parts which move through the stream of commerce.

18. Plaintiff qualifies as an employee with a "serious health condition" under 29 USC § 2611 (11)(B) as confirmed by Dr. Shevin D. Pollydore's report dated March 9, 2005.

19. On March 3, 2005, FMC provided the Family and Medical Leave Certification form to Plaintiff and even initialed that Plaintiff was eligible for such benefits. On March 9, 2005 Plaintiff provided FMC with a signed Family and Medical Leave certification form that showed that he qualified under the Act. Therefore, Defendant had reasonable and actual notice as defined under 29 USC § 2612(e)(2)(B).

20.   The Defendant violated 29 USC § 2615(a), when they terminated him on March 8, 2005, after having actual knowledge that Plaintiff qualified for relief under the Family and Medical Leave Act and interfered with his exercise of such rights.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Gerald C. Bushroe hereby demands a trial by jury of all issues triable by jury to the extent provided by law.

## DAMAGES AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that be awarded damages as follows:

(a)   recovery of any wages, salary, employment benefits or other compensation denied or lost to such employee by reason of the violation pursuant to 29 USC § 2617(a)(1)(A)(i)(I);

(b)   the interest on the amount described in 29 USC § 2617(a)(1)(A)(i)(I), calculated at the prevailing rate as contemplated by 29 USC § 2617(a)(1)(A)(ii);

(c)   an additional amount as liquidated damages equal to the sum of the amount described in 29 USC § 2617(a)(1)(A)(ii);

(d)   equitable relief as may be appropriate pursuant to 29 USC § 2617(a)(1)(B);

(e) reasonable attorney's fees, reasonable expert fees, and other costs of the action to be paid by the defendant pursuant to 29 USC § 2617 (a)(3)

(f) any other costs that his Honorable Court should find proper and appropriate.

DATED this 24th day of March, 2006.

GERALD C. BUSHROE
By his attorneys,

Brian Linkowski   (Bar No. 141403)
Jeffrey W. Duncan (Bar No. 233451)
LAW OFFICES OF J. W. DUNCAN P.C.
P.O. Box 372
Tallapoosa, Georgia 30176
(770) 574-7503 telephone
(404) 759-2398 facsimile